UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM RONALD CLARK,

                           Petitioner,

    v.

RENEE BAKER,

                         Respondents.

Case No. 3:12-cv-00579-MMD-VPC

ORDER

This habeas matter comes before the Court on respondents' motion to dismiss (dkt. no. 22) as well as on petitioner's motion to supplement affidavit (dkt. no. 21), motion for status check (dkt. no. 31), and motion for clarification and to correct mistake (dkt. no. 40). Respondents seek the dismissal of claims for, *inter alia*, lack of exhaustion and/or lack of specificity.

## I.    STATE OF THE PLEADINGS

Petitioner William Ronald Clark challenges his 2008 Nevada state conviction, pursuant to a jury verdict, of one count of robbery with the use of a deadly weapon, one count of discharging a firearm out of a motor vehicle, and two counts of assault with a deadly weapon. He challenged the conviction on direct appeal and state post-conviction review.

The original petition (dkt. no. 1) contained fourteen pages of allegations in four grounds. However, the petition sought to extensively incorporate other materials in stating claims. It did so in two ways. First, petitioner intermixed within the allegations extensive references to materials from the state court record, with numbered page

1  citations apparently to the record appendix in the state supreme court. Second,
2  petitioner attached a separate fourteen-page memorandum in support of the petition
3  and referenced this memorandum for "further supporting facts and points."

4       In an early screening order (dkt. no. 7), the Court granted petitioner's motion for
5  leave to file a longer than normal petition only in part. The Court directed the Clerk to
6  return the supporting memorandum and the nearly 1000 pages of state court record
7  exhibits. The order stated: "Petitioner is advised that the arguments *presented in* the
8  memorandum may be used in responding to a motion to dismiss or answer and it
9  should be put to use at that time." Dkt. no. 7, at 2 (emphasis added).

10      The petition thus was filed with multiple references remaining therein that
11  incorporated materials that then no longer were on file with the petition. *See* dkt. no. 8.

12      Thereafter, respondents moved to dismiss on May 15, 2013. Respondents filed
13  a comprehensive set of state court record exhibits with the motion, totaling 106 in
14  number.

15      Petitioner filed an opposition to the motion on May 28, 2013. Petitioner did not
16  cite to the state court record exhibits filed by respondents but instead continued to cite
17  to state court record materials by numbered page citations to the state supreme court
18  record appendix.

19      Also on May 28, 2013, petitioner tendered to the Clerk a handwritten paper titled
20  in the caption as a "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254
21  by a Person in State Custody (Not Sentenced to Death)." *See* dkt. no. 38. The Court's
22  required habeas petition form has the same title in the caption. The signature page for
23  the paper further came from the required form. The Clerk accordingly did what the Clerk
24  is required to do in that circumstance. The Clerk docketed the paper as a petition. The
25  Clerk was required to docket the paper as a pleading even though subsequent
26  references in the paper referred to the paper as a memorandum in support of a petition.
27  The paper was a copy of the memorandum that was returned to petitioner earlier in the
28  case.

2

Petitioner again attached with the paper approximately 1000 *in globo* pages of state court record materials, which apparently are the materials to which he is citing in his papers.

In the prior order, the Court stated that petitioner could use the arguments *in the memorandum* in responding to a motion to dismiss or an answer.  It was not the Court's intent that petitioner could or should file the memorandum as a stand-alone document at any point in the case. And it clearly was not the Court's intent for petitioner to file — once again — a stack of 1000 pages of state court record materials that are wholly unnecessary.  *Both* sides of the case instead should be citing to only one set of state court record exhibits — the numbered exhibits filed by respondents and any necessary supplements thereof.

Under Local Rule LR 15-1, an amended pleading must "be complete in itself without reference to the superseding pleading." In other words, a paper filed as a petition after the original petition constitutes an amended petition that supersedes — replaces — the original petition in its entirety. The only pleading currently before the Court therefore is the amended petition at dkt. no. 38.

The Court thus is left with: (a) a handwritten amended petition on file that perhaps was not intended to replace the original petition but which does so in the procedural context presented and which further is not on the required form; (b) an original petition that in any event was an improper and incomplete document because of the numerous incorporations therein of multiple outside materials, notwithstanding a general practice in this district of not permitting petitioners to incorporate materials outside the petition to state claims; and (c) the parties citing to different sets of state court record exhibits in presenting argument.

At the very least, amendment to the pleadings — whether as originally or as currently presented — is necessary. The action cannot be effectively litigated and adjudicated with the pleadings in their current state, for which the Court accepts responsibility. Such pleading amendment, however, would appear to be more

3

1    appropriately accomplished through appointed counsel, assuming that financial

2    eligibility is confirmed, as discussed below.

3    **II.     RECONSIDERATION OF MOTION FOR APPOINTMENT OF COUNSEL**

4         After the state court initial appearance, Clark was represented through the

5    conclusion of the trial by retained counsel Thomas Stafford. He thereafter was

6    represented at sentencing and on direct appeal by retained counsel Marc Saggese.

7         Clark sought state post-conviction relief also through Saggese as retained

8    counsel. The state district court conducted a brief inquiry regarding Saggese's pursuit of

9    the petition after having represented Clark in the prior proceedings.  Clark stated, *inter*

10   *alia,* that "I'm all right with that" as to being precluded from challenging anything that

11   Saggese had done.  Saggese affirmed that he, of course, would not be challenging his

12   own prior representation as ineffective assistance.  Dkt. no. 25, Ex. 61, at 6-7.

13        The retained representation concluded with the denial of post-conviction relief by

14   the state district court. Clark and Saggese both sought to withdraw Saggese as counsel,

15   but the state supreme court overrode his notice of withdrawal in connection with the by

16   then pending post-conviction appeal.  Saggese apparently ultimately was appointed as

17   counsel for the appeal or regarded as appointed counsel. A later order by the state

18   supreme court perhaps reflected an impression that Saggese had been appointed also

19   during the post-conviction proceedings in the state district court.  Dkt. nos. 25-26, Exhs

20   70, 75, 77, 89, 94, & 96

21        Petitioner accordingly was appointed conflict-laden counsel by the state courts

22   for the state post-conviction appeal.

23        Clark subsequently again sought to have Saggese withdrawn as counsel, albeit

24   with no disapproval of his counseled filings, so that he could have his own proper

25   person filings considered by the state supreme court. The court affirmed the denial of

26   post-conviction relief without granting Clark's request.  Dkt. no. 26, Exhs 80 & 102.

27        In federal court, petitioner has relied upon, *inter alia*, proper person filings

28   tendered to the state supreme court in support of a contention that he fairly presented

4

1   and exhausted claims and allegations therein to the state courts.

2          Against the backdrop of the above circumstances in both federal and state court,

3   the Court *sua sponte* reconsiders its prior denial of petitioner's motion for appointment

4   of counsel.

5          On reconsideration, the Court finds that the interests of justice warrant the

6   appointment of counsel on the record presented, subject to confirmation of financial

7   eligibility.

8          The Ninth Circuit recently held in *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th

9   Cir. 2013), that the holding of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), extends to

10  claims of ineffective assistance also of counsel on direct appeal.  Accordingly, a habeas

11  petitioner potentially can demonstrate cause and prejudice to overcome the procedural

12  default of a claim of ineffective assistance of appellate counsel as well as of trial

13  counsel by demonstrating that he failed to raise the claim in the initial state post-

14  conviction proceeding in state district court through inadequate assistance of post-

15  conviction counsel.  736 F.3d at 1292-96.

16         Moreover, if counsel was operating under a conflict of interest due to a prior

17  representation, the conflict itself also may provide a basis for cause and prejudice --

18  even where *Martinez* otherwise might not apply, such as where the later conflict-laden

19  representation is on a state post-conviction appeal. *See, e.g., Moormann v. Schriro*, 426

20  F.3d 1044, 1058-59 (9th Cir. 2005).

21         This Court also has found a state procedural bar to not be adequate following

22  upon the state supreme court's failure to follow a practice of *sua sponte* inquiry into

23  potential conflict where counsel previously had been retained but instead was appointed

24  at the time of, *inter alia*, the state post-conviction proceedings, albeit where the conflict-

25  laden counsel was challenging his own prior effectiveness in state court. *See Williams

26  v. Bodo*, Case No. 2:04-cv-01620-KJD, dkt. no. 67, at 9-13 (D. Nev. March 5, 2009).

27         In the present case, counsel's conflict at the time that he was appointed counsel

28  on the state post-conviction appeal already has a potential bearing on whether

1   petitioner's proper person submissions on that appeal should be regarded as

2   exhausting claims and/or whether good cause might be established for another

3   exhaustion opportunity. Moreover, the Court cannot rule out the prospect that a

4   petitioner advised by conflict-free counsel instead might pursue claims of ineffective

5   assistance of appellate counsel and/or further claims of ineffective assistance of trial

6   counsel. Such claims potentially would implicate the procedural issues discussed

7   above. The Court is aware that the state district court inquired into the matter of the

8   continuing representation on state post-conviction review. The adequacy of the inquiry

9   and the putative waiver of the conflict nonetheless perhaps may be subject to an at

10  least colorable challenge by federal habeas counsel.

11          While petitioner has demonstrated an ability to articulate claims, in isolation and

12  to a limited degree, Clark has not demonstrated the ability to adequately address the

13  legal nuances of potential procedural issues such as those implicated by the

14  representation situation in the state courts.

15          Moreover, the Court notes that Ely State Prison ("Ely") uses a "paging system"

16  for inmate access to the prison law library. Such paging system access neither is

17  necessarily unconstitutional nor does it categorically require the appointment of counsel.

18  However, it nonetheless remains a factor that is considered by the Court in conjunction

19  with other factors. *See, e.g., Koerschner v. Warden*, 508 F.Supp.2d 849 (D. Nev. 2007)

20  (paging system at Lovelock Correctional Center); *Moxley v. Neven*, Case No. 2:07-cv-

21  01123-RLH-GWF, dkt. no. 25 (D. Nev. Sept. 29, 2008) (Ely paging system at the time).

22  Even allowing for possible improvements to past versions of the system at Ely, it

23  nonetheless remains difficult to litigate a case with any complexity while being able to

24  obtain only specifically identified materials on a delayed basis via responses to "kites"

25  sent through the prison internal mail system.

26  ///

27  ///

28  ///

1    On reconsideration, the Court accordingly will grant the motion for appointment of

2    counsel, subject to confirmation of financial eligibility.[1]

3    Petitioner should note the following, however.

4    Federal habeas counsel is not being appointed to act as a mere scrivener to

5    restate and reassert each and every allegation and claim presented by petitioner *pro se*.

6    The Court is not appointing counsel to pursue claims or arguments that, in counsel's

7    independent professional judgment, have no arguable merit in a federal habeas corpus

8    proceeding.

9    Petitioner thus should not assume that the Court will automatically appoint

10   replacement counsel in the event that petitioner and federal habeas counsel do not

11   agree on what claims or arguments should be presented.  Appointed counsel's task is to

12   pursue claims that counsel, in his or her own independent professional judgment,

13   believes that a court may find meritorious, not to present claims that petitioner, who is

14   not an attorney, believes to be meritorious.  Counsel is under absolutely no obligation to

15   "follow petitioner's instructions" as to what claims or arguments to present and how to

16   present them. Accordingly, presenting the Court with an alleged conflict between federal

17   habeas counsel and petitioner based upon a disagreement over how to pursue this

18   case will not necessarily lead to an appointment of replacement counsel.  Subject to the

19   circumstances presented at the time, the Court potentially instead could find that the

20   interests of justice no longer warrant the continued appointment of any counsel, based

21   upon the premise that if petitioner has such an allegedly irreconcilable conflict with one

22   competent attorney, the situation is not likely to be different with another competent

23   ///

24   ///

25   ────────────────

26   [1]Petitioner filed a pauper application previously, but he did not attach the
required financial documents – both a financial certificate and a statement of his inmate
trust account for the prior six months – required to demonstrate financial eligibility in this

27   context. It appears provisionally from other relatively recent litigation, however, that he
likely can demonstrate financial eligibility.  The same must be confirmed for the record

28   in this matter, however.

attorney.[2] Counsel, again, is not being appointed to pursue claims that petitioner believes to be meritorious but, instead, is being appointed to pursue claims that, in counsel's independent professional judgment, have arguable merit.  Competent federal habeas counsel very well may not pursue all of the claims, allegations and arguments in the current pleadings.[3]

Moreover, the Court will not entertain *pro se* filings from petitioner when he is represented by appointed counsel.  Following the appointment of counsel, petitioner may pursue this matter and communicate with the Court only through filings by counsel.  Repeated disregard of this admonition may result in the Court vacating the appointment of counsel and/or imposing sanctions, depending upon the circumstances presented at the time.

Subject to these observations, the motion for appointment of counsel will be granted.

All other pending motions will be denied without prejudice.

III.    **CONCLUSION**

It is therefore ordered that respondents' motion to dismiss (dkt. no. 22) is denied without prejudice to the reassertion of all defenses available at the time of the filing of a counseled amended petition.

It is further ordered that petitioner's motion to supplement affidavit (dkt. no. 21), motion for status check (dkt. no. 31), and motion for clarification and to correct mistake (dkt. no. 40) all are denied without prejudice to the pursuit of relief, if and as warranted, through counsel.

It is further ordered that, on *sua sponte* reconsideration, the portion of the prior order (dkt. no. 7) denying the motion (dkt. no. 4) for appointment of counsel is vacated

---

[2]In contrast to the original state criminal proceedings, there is no Sixth Amendment right to counsel in a federal habeas proceeding.  Counsel will be appointed only if and for so long as the Court finds that appointment of counsel is in the interests of justice.

[3]For example, the redundant parallel equal protection claims presented by petitioner in proper person are completely without merit.

8

1  and the motion is granted. The counsel appointed will represent petitioner in all

2  proceedings related to this matter, including any appeals or *certiorari* proceedings,

3  unless allowed to withdraw.

4        It is further ordered that — subject to confirmation of financial eligibility — the

5  Federal Public Defender shall be provisionally appointed as counsel and shall have

6  thirty (30) days: (a) to undertake direct representation of petitioner or to indicate an

7  inability to do so; and (b) to facilitate the filing of a pauper application demonstrating

8  financial eligibility for appointment of counsel, supported by both a current financial

9  certificate and a statement of petitioner's inmate trust account for the prior six (6)

10  months.  If the Federal Public Defender is unable to represent petitioner, the Court then

11  shall appoint alternate counsel. A deadline for the filing of an amended petition and/or

12  seeking other relief will be set after counsel has entered an appearance. The Court

13  anticipates setting the deadline for approximately one hundred twenty (120) days from

14  entry of the formal order of appointment, with a response to the filing due thirty (30)

15  days thereafter.  Any deadline established and/or any extension thereof will not signify

16  any implied finding of a basis for tolling during the time period established.  Petitioner at

17  all times remains responsible for calculating the running of the federal limitation period

18  and timely presenting claims. That is, by setting a deadline to amend the petition and/or

19  by granting any extension thereof, the Court makes no finding or representation that the

20  petition, any amendments thereto, and/or any claims contained therein are not subject

21  to dismissal as untimely.  *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

22        It is further ordered that petitioner shall not file any further papers herein other

23  than through counsel, other than potentially the pauper application provided for herein if

24  same is more efficiently filed in proper person.  Petitioner in particular shall not file any

25  ///

26  ///

27  ///

28  ///

9

1   more copies of state court record materials and/or evidentiary materials.  All filings other
2   than the pauper application may be filed only through counsel.[4]

3        It is further ordered that – for any additional state court record or other exhibits
4   filed subsequently in this matter – counsel shall send the hard copies of the exhibits to
5   the Reno Clerk's Office. The Court is not directing any party to send another copy of
6   state court record exhibits that already are on file. This provision concerns only any
7   additional exhibits.

8        The Clerk accordingly shall send a copy of this order, over and above the
9   electronic notice to respondents, to the *pro se* petitioner in proper person, the Federal
10  Public Defender, and the CJA Coordinator for this Division. The Clerk further shall
11  provide the Federal Public Defender with copies of all prior filings herein, by
12  regeneration of notices of electronic filing or  through such other means as is expedient
13  for the Clerk.

14       DATED THIS  31st day of March 2014.

15

16

17                                        MIRANDA M. DU
                                          UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26   _____

27       [4]The Court trusts that counsel will file any additional state court record or other
     exhibits in a manner that avoids unnecessary duplication of respondents' existing
28   exhibits and that allows ready record citation by all involved in the case with no
     confusion.