1
2
3
4
5
6                           UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                      * * *

9   WILLIAM RONALD CLARK,              │   Case No. 3:12-cv-00579-MMD-VPC

10                          Petitioner,│                ORDER

11         v.

12  RENEE BAKER, et al.,

13                        Respondents. │

14         This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

15  Petitioner filed a counseled first-amended petition. (Dkt. no. 48.) Before the Court is

16  respondents' motion to dismiss. (Dkt. no. 51.) Petitioner opposed the motion (dkt. no.

17  52), and respondents replied (dkt. no. 53).

18  **I.      PROCEDURAL HISTORY AND BACKGROUND**

19         A jury convicted petitioner William Ronald Clark ("Clark" or "petitioner") of count

20  1: robbery with the use of a deadly weapon; count 3: assault with a deadly weapon;

21  count 4: discharging a firearm out of a motor vehicle; and count 8: assault with a deadly

22  weapon (exhibits to respondents' first motion to dismiss, dkt. no. 22, Exh. 83).[1] The

23  state district court adjudicated Clark a habitual criminal and sentenced him to four

24  concurrent terms of eight to twenty years. (Exh. 44.) The court ordered the sentences to

25  be served consecutive to the term imposed in a separate case. *Id.*

26
   _____

27         [1]All exhibits referenced in this order are exhibits to respondents' first motion to
    dismiss (dkt. no. 22), which was dismissed without prejudice, and are found at dkt. nos.
28  23-27.

1    The Nevada Supreme Court affirmed Clark's convictions on December 3, 2009.

2    (Exh. 55.) Remittitur issued on December 29, 2009. (Exh. 56.)

3    Petitioner filed a state postconviction petition for writ of habeas corpus on

4    November 30, 2010. (Exh. 58.) The state district court conducted an evidentiary hearing

5    and ultimately denied the petition. (Exhs. 68, 69.) Petitioner appealed, the Nevada

6    Supreme Court affirmed the denial of the petition on October 8, 2012, and remittitur

7    issued on November 2, 2012. (Exhs. 98, 105, 106.)

8    Petitioner dispatched his federal habeas corpus petition on October 30, 2012.

9    (Dkt. no. 8.) This Court appointed counsel, and petitioner filed a counseled first-

10    amended petition on October 24, 2014. (Dkt. no. 48.) Respondents have filed a motion

11    to dismiss, arguing that several grounds should be dismissed because they do not

12    relate back to the original petition, are unexhausted, or are noncognizable.

13    **II.    LEGAL STANDARDS AND ANALYSIS**

14    **A.    Relation Back**

15    Respondents argue that several grounds in the amended petition do not relate

16    back to the original petition and should thus be dismissed as untimely. (Dkt. no. 51 at 7-

17    9.) A new claim in an amended petition that is filed after the expiration of the

18    Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period will

19    be timely only if the new claim relates back to a claim in a timely-filed pleading under

20    Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out

21    of "the same conduct, transaction or occurrence" as a claim in the timely pleading.

22    *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held

23    that habeas claims in an amended petition do not arise out of "the same conduct,

24    transaction or occurrence" as claims in the original petition merely because the claims

25    all challenge the same trial, conviction or sentence. *Mayle,* 545 U.S. at 655-64. Rather,

26    under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of

27    habeas claims asserted in an amended petition "only when the claims added by

28    amendment arise from the same core facts as the timely filed claims, and not when the

2

1  new claims depend upon events separate in 'both time and type' from the originally

2  raised episodes." *Id.* at 657.  In this regard, the reviewing court looks to "the existence

3  of a common core of operative facts uniting the original and newly asserted claims." *Id.*

4  at 65 (internal quotation mars omitted). A claim that merely adds "a new legal theory

5  tied to the same operative facts as those initially alleged" will relate back and be timely.

6  *Id.* at 659 & n. 5.

7          Here, the parties do not dispute that petitioner's original federal petition,

8  dispatched on October 30, 2012, was timely. Nor do they dispute that the one-year

9  limitations period expired on February 12, 2013. (Dkt. nos. 50, 52.) Thereafter, on May

10  28, 2013, petitioner submitted what he also styled as a habeas petition. (Dkt. no. 38.) In

11  its order dated March 31, 2014, this Court recounted in detail what led petitioner to take

12  such action. (Dkt. no. 42 at 2-4.) This Court also appointed counsel, observing that "[a]t

13  the very least, amendment to the pleadings — whether as originally or currently

14  presented — is necessary. This action cannot be effectively litigated and adjudicated

15  with the pleadings in their current state, for which the Court accepts responsibility. Such

16  pleading amendment, however, would appear to be more appropriately accomplished

17  through appointed counsel . . . . " *Id.* at 3-4. Petitioner filed his counseled, first-amended

18  federal petition on October 24, 2014. (Dkt. no. 48.)

19          Respondents now argue that all claims in the counseled, first-amended petition

20  must relate back to the original petition as set forth at docket number 8 only. (Dkt. no.

21  51 at 8-9.) However, in light of this Court's order at docket number 42 it is clearly

22  appropriate to consider both docket numbers 8 and 38 as comprising the original

23  petition for the purposes of determining which claims relate back.

24                  **1.      Ground 2(d)**

25          In ground 2(d) of the first-amended petition, Clark claims that his trial counsel

26  rendered ineffective assistance of counsel in violation of his Sixth and Fourteenth

27  Amendment rights because counsel was unprepared for the state's expert fingerprint

28  testimony. (Dkt. no. 48 at 19-22.) Counsel allegedly failed to elicit testimony from two

witnesses to emphasize that none of the fingerprints were identified as Clark's. (*Id.*) In his original petition, Clark pointed out that an expert testified that none of the fingerprints processed matched his prints. (Dkt. no. 38 at 6.) He further argued that his trial counsel was ineffective because he did not ask the expert if the prints matched those of Joe Buckles — another individual who was present — despite the fact that Clark told his counsel that it was Buckles who fired the shots. (*Id.*)

This Court is persuaded that the ineffective assistance claims in ground 2(d) surrounding the fingerprint evidence arise from the same core facts as the timely filed claims and do not differ in time or type from the original claims. *Mayle*, 545 U.S. at 657. Ground 2(d) relates back to the original petition and is therefore timely.

### 2. Grounds 4 and 5

Clark alleges in ground 4 that state postconviction counsel rendered ineffective assistance in violation of his Fifth, Sixth and Fourteenth Amendment rights by failing to argue to the Nevada Supreme Court that trial counsel was ineffective when he did not obtain certified judgments of conviction for the purposes of impeaching one of the State's witnesses at trial. (Dkt. no. 48 at 29-30.) In ground 5, Clark claims that state postconviction counsel was ineffective for failing to present a claim of cumulative error. (Dkt. no. 48 at 31.)  As respondents point out, the federal habeas statute precludes Clark from relying on the ineffectiveness of his postconviction attorney as a ground for relief in cases brought under § 2254. *See* 28 U.S.C. § 2254(I) ("[t]he ineffectiveness or incompetence of counsel during Federal or State collateral postconviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"). Accordingly, grounds 4 and 5 are not cognizable in this proceeding.

In conclusion, ground 2(d) relates back and is therefore timely. Grounds 4 and 5 are dismissed as not cognizable in federal habeas corpus.

### B. Exhaustion

Next, while this Court has determined that ground 2(d) is timely, respondents also argue that ground 2(d), as well as ground 3, are unexhausted. (Dkt. no. 51 at 11.)

4

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). "A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981). Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not, however, constitute fair presentation. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9ᵗʰ Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citations omitted). However, citation to state caselaw that applies

5

1   federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158
2   (9th Cir. 2003) (en banc).

3        A claim is not exhausted unless the petitioner has presented to the state court
4   the same operative facts and legal theory upon which his federal habeas claim is based.
5   *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The
6   exhaustion requirement is not met when the petitioner presents to the federal court facts
7   or evidence which place the claim in a significantly different posture than it was in the
8   state courts, or where different facts are presented at the federal level to support the
9   same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*
10   *Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455,
11   458 (D. Nev. 1984).

12        **1.**     **Ground 2(d)**

13        Again, Clark claims in ground 2(d) that his trial counsel rendered ineffective
14   assistance of counsel when he was unprepared for the state's expert fingerprint
15   testimony. (Dkt. no. 48 at 19-22.) Counsel allegedly failed to elicit testimony to
16   emphasize that none of the fingerprints were identified as Clark's. (*Id.*)

17        In his appeal of the denial of his state postconviction petition, Clark argued that
18   his counsel

19          proved that he was unprepared for trial when the fingerprint expert began
20   her testimony. During said testimony, she stated that a palm print found at
       the scene belonged to [Clark]. Unprepared for this information, [trial
21   counsel] asked [Clark] during the expert's testimony if those, in fact, were
       his prints. . . [and Clark] repeatedly was forced to assure his own attorney
22   that they were not.

23   (Exh. 98 at 17.)

24        Respondents contend that ground 2(d) is an entirely different claim than the
25   claim presented in state court. (Dkt. no. 51 at 11.) Arguably, federal ground 2(d)
26   presents some expansion of the factual allegations raised to the state supreme court,
27   where petitioner includes specific allegations about his trial counsel's lack of preparation
28   for the fingerprint testimony. (Dkt. no. 48 at 21.) However, this Court concludes that

petitioner has presented to the state supreme court the same operative facts and legal theory upon which this federal ground is based. *Bland,* 20 F.3d at 1473. Ground 2(d) is exhausted.

### 2. Ground 3

Clark asserts that his trial counsel rendered ineffective assistance when he failed to adequately cross examine a police officer regarding false information in the declaration of arrest in violation of Clark's Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial. (Dkt. no. 48 at 26-29.) The Nevada Supreme Court declined to consider this claim because it was raised for the first time in Clark's appeal of the denial of his state postconviction petition. (Exh. 98 at 16-17; Exh. 105 at 3.) Therefore, respondents are correct that ground 3 was not fairly presented to the state supreme court and is thus unexhausted. This Court declines to engage in an "anticipatory default" analysis here.

### III. PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIM

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that ground 3 is unexhausted. Ground 2(d) is exhausted. Grounds 4 and 5 are dismissed as not cognizable. Thus the petition is a "mixed petition," containing both exhausted and unexhausted claims, and therefore, petitioner, through counsel, has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

7

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. Thus the court held that it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

## IV.    CONCLUSION

It is therefore ordered that respondents' motion to dismiss certain grounds in the amended petition (dkt. no. 51) is granted in part as follows:

1.    Ground 2(d) is exhausted.

2.    Ground 3 is unexhausted.

3.    Grounds 4 and 5 are dismissed as not cognizable in federal habeas corpus.

It is further ordered that petitioner, through counsel, shall have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his

unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted ground, respondents shall have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that respondents' motion for extension of time to file a response to the first-amended petition (dkt. no. 50) is granted *nunc pro tunc*.

DATED THIS 24th day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE